UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, DISCLOSURE OF CELL SITE INFORMATION AND DISCLOSURE OF TELECOMMUNICATIONS RECORDS | NO.<br><br>**FILED UNDER SEAL**<br><br>May 14, 2015 |

### AFFIDAVIT

I, Abhilash Pillai, a Special Deputy United States Marshal, having been duly sworn, do hereby state.

1.      I am a Detective with the Hartford Police Department and have been employed as a Hartford Police Officer for approximately eleven years. My responsibilities include investigating and enforcing all city and state criminal laws. I attended the Hartford Police Academy in Hartford, Connecticut, where I received law enforcement training, including firearms training, the execution of search and seizure warrants, investigative techniques, and legal instruction, which covered Fourth Amendment searches and seizures. I have written and executed search warrants that have resulted in the seizure of illegal drugs and evidence of drug violations. I have executed seizure warrants that have resulted in the seizure of assets acquired with drug proceeds and assets utilized to facilitate drug activities. I have participated in investigations involving the illegal distribution of controlled substances, firearms and gang related acts of violence to include homicides, shootings, robberies and home invasions. I have coordinated controlled purchases of illegal drugs and firearms utilizing confidential sources and cooperating witnesses. I have written and coordinated the execution of search and arrest warrants pertaining to individuals involved in the distribution of illegal drugs, illegal firearms,

and acts of violence to include shootings. I have conducted electronic as well as physical surveillance of individuals involved in illegal drug distribution, analyzed records documenting the purchase and sale of illegal drugs, and testified in United States District Court and federal grand jury proceedings. I have also interviewed admitted drug traffickers, drug users, gang members, informants and cooperating defendants, as well as local, state and federal law enforcement officers, regarding the manner on which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. I have supervised the activities of informants and cooperating witnesses who have provided information and assistances in the federal prosecution of drug offenders.

2. I am currently assigned to the Northern Connecticut Violent Crimes Gang Task Force ("NCVCGTF"), an FBI sponsored Task Force consisting of Special Agents from the FBI, and law enforcement officers from the Hartford Police Department, the Connecticut State Police, the East Hartford Police Department and the Connecticut Department of Correction. The NCVCGTF is dedicated to combating violent crime and firearms and narcotics violations in and affecting the City of Hartford. As a member of the NCVCGTF, I have been duly deputized as a Special Deputy United States Marshal, which authorizes me to investigate violations of federal criminal law. As part of my duties, I am currently participating in an investigation into the suspected criminal activity of the *Los Solidos*, a street gang operating in Hartford, Connecticut. *Los Solidos* street gang engages in assorted criminal activities in Hartford, including narcotics distribution and violent crimes associated with drug trafficking. Eric Ortiz, a.k.a. "Nice" (hereafter "Ortiz") is believed to be a Source of Supply (SOS) of crack cocaine for members of the *Los Solidos* gang. Because the information and evidence gathered during this investigation is voluminous, this affidavit includes only those facts that relate to the need for, and propriety of,

the requested authorization, and does not purport to set forth all of the facts gathered during the course of the investigation of this matter.

3. Telephone number (860) 548-6615 (hereafter "**Target Telephone 8**") is serviced by T-Mobile with an unknown Subscriber. Ortiz utilizes **Target Telephone 8** in furtherance of his drug trafficking activities.

4. On Thursday May 7, 2015, an FBI Confidential Human Source (hereafter "CHS-3") placed a consensually monitored phone call to Ortiz on **Target Telephone 8**. This call occurred at approximately 7:16 p.m. and in the presence of the affiant. CHS-3's phone was on "speaker" mode when the call was placed. The first call went directly to voicemail. At approximately 7:18 p.m., CHS-3 received an incoming telephone call from **Target Telephone 8**. CHS-3 answered his/her phone and discovered that it was Ortiz calling. CHS-3 asked Ortiz if he was around. Ortiz told CHS-3 that he was around and asked what s/he wanted. CHS-3 told Ortiz to bring four "basketballs" (street slang for four eight ball quantities of crack cocaine.) Ortiz told CHS-3 to meet him at the basketball courts on Hudson Street. At this point, investigators conducted a search of CHS-3's vehicle and person for contraband or excess funds. No items were located. The Affiant then provided CHS-3 with an audio transmitting/recording device and $500 in FBI evidence funds for the purpose of conducting a controlled narcotics purchase of crack cocaine from Ortiz.

5. At approximately 7:20 p.m., CHS-3 left the secure location in his/her vehicle and drove to the basketball courts, located in the area of Hudson Street and Park Street, Hartford, followed by investigators. At approximately 7:25 p.m., investigators observed CHS-3 arrive on Hudson Street and park his/her vehicle. Moments later CHS-3 exited his/her vehicle and entered the basketball court areas. At approximately 7:31 p.m., via the live audio transmitter,

investigators overheard CHS-3 talking to Ortiz on his/her cellular phone. Ortiz told CHS-3 to wait for him at the park. At approximately 7:32 p.m., investigators observed a silver sedan arrive and park alongside the east curb of Hudson Street, in front of the mentioned basketball court. Moments later, investigators observed three unidentified males exit the silver vehicle and walk towards the basketball court. At approximately 7:38 p.m., investigators observed CHS-3 walking back towards his/her vehicle. CHS-3 entered his/her vehicle and drove back towards the predetermined location, while under constant surveillance of investigators.

6. At the secure location, CHS-3 turned over four knotted clear plastic bags, each bag containing a white rock-like substance. Investigators also collected the transmitter/recording device and searched CHS-3's person and vehicle for contraband. No items were found. The white rock like substance field-tested positive for the presence of cocaine. The crack cocaine weighed approximately 11 grams. CHS-3 was then de-briefed by investigators and provided the following information.

7. CHS-3 arrived on Hudson Street, parked his/her vehicle and entered the basketball court area. CHS-3 advised that s/he met with some Hispanic males, who s/he knew from the area. Moments later, CHS-3 called Ortiz at **Target Telephone 8**. CHS-3 told Ortiz that s/he was at the park. Ortiz told CHS-3 to wait because he was coming. A short time later, CHS-3 advised that s/he observed Ortiz and two other unidentified Hispanic males exit from inside a parked silver four Mazda. The Mazda was parked on Hudson Street, in front of the mentioned basketball courts. Ortiz approached CHS-3 and handed him/her four knotted pieces of plastic containing crack cocaine. CHS-3 retrieved the crack cocaine and in return handed Ortiz the evidence funds. Ortiz took the money and handed the funds to an unidentified Hispanic male. According to CHS-3, the Hispanic male that retrieved the funds was another large scale cocaine

dealer from the Park Street area of Hartford, Connecticut. After the narcotics transaction, CHS-3 entered his/her vehicle and traveled back to a predetermined secure location to meet with investigators.

8.      Based on the foregoing, there are reasonable grounds and probable cause to believe, and I do believe, that the installation and use of a pen register, trap and trace, as well as the requested electronic communications records and cell-site information concerning **Target Telephone 8** are relevant and material to an ongoing investigation being conducted by the FBI of the suspected criminal activity by Ortiz along with other members and associates of *Los Solidos* in regards to possible violations of Title 21, United States Code, Sections 841(a)(1) and 846. Among other things, this information will assist in determining who is contacting the user of **Target Telephone 8**, and who the user of **Target Telephone 8** is contacting, in furtherance of narcotics distribution activities, and will assist in the identification and location of other co-conspirators.

9.      Further, I believe that the disclosure to any person of information pertaining to this investigation or the accompanying application and the requested order could compromise the safety of investigating agents and the integrity and secrecy of the investigation.  Disclosure could cause persons involved in the carrying out the criminal conduct described in this affidavit to take steps to destroy evidence, conceal proceeds, tamper with witnesses, or evade law enforcement. Accordingly, I request that this affidavit, the accompanying application and the requested order be sealed by the Court.  So as to further protect against disclosure of the material contained herein for the protection of individuals involved in this investigation, I also request permission to

have the original affidavit, application and, orders be retained by the Office of the United States Attorney until such time as this matter is made public or at such other time as the Court may order.

Respectfully submitted,

_____
ABHILASH PILLAI
Special Deputy U.S. Marshal and
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this ____ day of May, 2015, at Hartford, Connecticut

/s/ Judge Donna F. Martinez
DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE